IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATHANIEL JACKSON,

    Plaintiff,

        v.

SUPERINTENDENT FOLINO,
et al.,

    Defendants.

15cv0457
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 55)**

This matter is before the Court on pro se Plaintiff Nathaniel Jackson's objections to the August 3, 2016, Report and Recommendation ("R&R") of Magistrate Judge Cynthia Reed Eddy, which recommended that (i) the Motion for Summary Judgment filed by Defendant Dr. Bjunghak Jin and Wexford Health Sources, Inc. (Doc No. 31), which the Department of Corrections Defendants has joined (Doc. 39), be granted because Plaintiff did not fully exhaust his administrative remedies pursuant to the PLRA and (ii) the Motion for Judgment on the Pleadings filed by Defendant Dr. Bjunghak Jin and Wexford Health Sources, Inc. (Doc. No. 47) be granted.

The Court concludes that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge as to the disposition of this action. The R&R concluded that Plaintiff's attempts to seek final review from SOIGA were not thwarted by any delay that may have occurred at SCI-Greene. The record is clear that Plaintiff's final appeals were not dismissed on the basis of untimeliness, but rather were dismissed because he had not met all the necessary prerequisites to properly appealing his grievances to SOIGA. The R&R correctly concluded

that Plaintiff's failure to submit the proper paperwork to SOIGA resulted in his failure to fully exhaust his administrative remedies.

In his objections, Plaintiff states that the "defendants failed to attach a copy of the rejected grievance and rejection form with their motion for summary judgment and therefore the plaintiff's version of this should be controlling." This statement is not correct. Exhibit A to Defendants' brief in support of their motion for summary judgment is a copy of SOIGA's entire file relating to grievance numbers 454987 and 457879. While the file does not contain the actual original grievances, the file does contain the Facility Manager's Appeal Responses and the Final Appeal Decisions. Further, the grievance file reflects that it was explained to Plaintiff that if he "did not have a legible copy of the initial grievance, [he] could have requested one through the Facility Grievance Coordinator." The record is clear that Plaintiff made no attempt to subsequently provide the required documentation for either grievance.

Plaintiff also incorrectly states that he was never given an order by the magistrate judge to respond to the motion for judgment on the pleadings. The docket reflects that by Order of May 13, 2016 (Doc. No. 49), the magistrate judge ordered Plaintiff to respond to the motion for judgment on the pleadings by June 15, 2016. The Court has no reason to believe that this Order was not received by Plaintiff. Further, even assuming *arguendo*, that Plaintiff had not received the Response Order, the granting of the motion remains appropriate as Plaintiff is unable to cure the deficiencies of his negligence claim. A certificate of merit must be filed with the complaint or within sixty days after the filing of a complaint. Plaintiff was notified of this requirement by correspondence from defense counsel dated March 18, 2016. The time for filing an appropriate certificate of merit has long passed.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the following order is entered:

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant Dr. Bjunghak Jin and Wexford Health Sources, Inc. (Doc No. 31), which the Department of Corrections Defendants have joined (Doc. No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings filed by Defendant Dr. Bjunghak Jin and Wexford Health Sources, Inc. (Doc. No. 47) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 55) dated August 3, 2016 is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

**SO ORDERED,** this 19th day of August, 2016.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: NATHANIEL JACKSON
HJ-2123
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

ECF registered counsel of record